## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

___

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT J. REDMAN (in his capacity as Trustee),**

      **Plaintiffs,**

v.                                 Case No. 19-cv-105

**PROSTAR SURFACES, INC.,**

      **Defendant.**

___

## COMPLAINT

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon ProStar Surfaces, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiffs operate in Waukesha County, Wisconsin.

**Parties**

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott J. Redman is a trustee and fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a plaintiff in this action. Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. ProStar Surfaces, Inc. ("ProStar Surfaces") is a Wisconsin corporation, engaged in business, with principal offices located at 324 N. 12th Street, Milwaukee, Wisconsin 53233. Its registered agent for service of process is Harold Koller, 324 N. 12th Street, Milwaukee, Wisconsin 53233.

**Facts**

6. ProStar Surfaces is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, ProStar Surfaces was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the Chicago Regional Council of Carpenters Union ("Union").

8. The Union represent, for purposes of collective bargaining, certain ProStar Surfaces employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby ProStar Surfaces agreed to make timely payments to the Plaintiffs' benefit fund ("Fund") for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, ProStar Surfaces adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said Fund, ProStar Surfaces has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g. to provide access to all books and records necessary to perform regular audits of ProStar Surfaces contributions to Plaintiff fund.

12. ProStar Surfaces has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

a. making regular and timely payments to the Plaintiff fund; and

b. refusing to allow Plaintiffs' auditor access to books and records necessary to perform an audit billing.

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

-5-

15. Despite demands that ProStar Surfaces perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. ProStar Surfaces is now indebted to the Plaintiffs as follows:

**Audited period January 1, 2018 through June 30, 2018:**

Building Trades United Pension Trust Fund $9,630.81

**Unaudited period July 1, 2018 to the present:**

Building Trades United Pension Trust Fund Unknown

### Claim One - Against Defendant ProStar Surfaces, Inc. Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

16. As and for a claim for relief against Defendant ProStar Surfaces, the Plaintiff Fund realleges each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Due demand has been made by the Fund upon ProStar Surfaces for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18. Because, as the Fund is informed and believe, ProStar Surfaces has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Fund's trust funds is reduced, the Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Fund's employee benefit plans have been violated, and the Fund is entitled to all the remedies provided by ERISA.

19. Because ProStar Surfaces has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Fund and against ProStar Surfaces, Inc.:

    A. For $9,630.80 in unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period January 1, 2018 through June 30, 2018;

    B. For unpaid contributions, interest, and liquidated damages owed to the Find for the period of July 1, 2018 through the date this action was commenced;

    C. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 18th day of January, 2019.

        s/Philip E. Thompson
        Philip E. Thompson (SBN:1099139)
        **The Previant Law Firm, S.C.**
        310 West Wisconsin Avenue, Suite 100 MW
        Milwaukee, WI 53203
        414-203-0514 (Telephone)
        414-271-6308 (Fax)
        Email: pet@previant.com
        Attorneys for the Plaintiffs