# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED
PENSION TRUST FUND and SCOTT
J. REDMAN,

        Plaintiffs,

v.

PROSTAR SURFACES, INC.,

        Defendant.

Case No. 19-CV-105-JPS

**ORDER**

On January 18, 2019, Plaintiffs filed this action alleging claims arising from Defendant's violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans. (Docket #1). Defendant was served on January 21, 2019. (Docket #3). Defendant did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, and so the Clerk of the Court, at Plaintiffs' request, entered default against Defendant on February 28, 2019.

On February 27, 2019, Plaintiffs filed a motion for entry of a default judgment against Defendant. (Docket #8). Plaintiffs' certificate of service reflects that Defendant was served with this motion by certified mail on the date that it was filed. (Docket #10). Defendant has not responded to the motion in any fashion, and the deadline for doing so has expired. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). As a result, the Court treats the motion as

unopposed. Civ. L.R. 7(d). The facts pleaded in the complaint establish Defendant's liability. (Docket #1 at 2–6). Plaintiffs nevertheless bear the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiffs seek the following:

1) Unpaid contributions, interest, and liquidated damages owed to the fund for the period of January 1, 2018 through June 30, 2018 in the amount of $9,630.81;

2) Attorneys' fees in the amount of $846.00; and

3) Costs of prosecution in the amount of $400.00.

In total, Plaintiffs seek $10,876.81 in damages. (Docket #8 at 3). In support of their request, Plaintiffs have provided portions of the collective bargaining agreements, results of an audit that revealed unpaid contributions in the amount of $9,630.81, and itemizations of costs and fees associated with this litigation. *See* (Docket #9-1, #9-2, #9-3, and #9-4). The Court finds that this evidence is sufficient to establish the exact amount of damages that Defendant owes.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Docket #8) be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiffs the total sum of $10,876.81, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge